Reesb, J.
delivered the opinion of the court.
This is an action against the defendants, as sureties of Upton Organ, late Sheriff of Montgomery county, upon his official bond.
The defendants pleaded, covenants performed, and other equivalent pleas. This defence admits the due and proper execution of the bond, and imposes upon the defendants the necessity and duty of showing affirmatively the performance by their principal of the liabilities entered into, and arising from the covenant. Yet the court charged the jury, in this state of the pleadings, that the defendants did not appear from the record of the County Court, produced on the trial, to have gone into court and properly acknowledged the bond.
The plaintiff could be turned round by no such objection. The defendants having admitted a valid obligation, and their liability under it, unless discharged by the ¡eerformance, the due execution of the bond was no way in question.
But even if this had not been so, we are of opinion, that the record of the County Court, which was produced, sufficiently establishes, that the Sheriff’s bond was so taken as to constitute it a good statutory bond, both as to the Sheriff, himself, and as to his sureties. That record is as follows:
“Tuesday morning, July 3d. Upton Organ, Sheriff, who had been notified to come into court, by Samuel Edmondson, to give other security, came into court and gave his bond as sheriff and collector of public taxes, with G. Organ, Orville A. Allen, Josiah Morrison, and Andrew Vance, in place of Samuel Edmondson, released.”
What is the sense and meaning of this? That the Sheriff came into court, and brought a bond, signed by the persons named? By no means; he and they came into court and gave the bond; of course, when they gave the bond to the court, they *163 executed or acknowledged it; and of course, also, if they gave it to the court, it was approved or accepted by the court.
.Note. — See 5 Yerger, 599.
There is no prescribed formula necessary to be used. In sense, meaning and legal effect, this is a statement, that the Sheriff and his sureties acknowledged the bond before the court.
We are not to strain the construction for the purpose of intending that some mode of execution, not sanctioned by law, was resorted to: but when the words will admit of the construction, we should rather suppose that, what the law requires to be done, was done.
This case, in principle, is very like the case of Bryan and others vs. Glass’ sureties, 2 Hump. 390, and should be governed by that case.
Let the verdict and judgment be set aside, and a new trial be had.